```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA

THOMAS CORBIN AND                              CIVIL ACTION
ROBERT ZAMBROWSKI


VERSUS                                         NO: 06-11447


MICHAEL HAGAN, STACEY                          SECTION: R(4)
BRITTAIN D/B/A STACEY
BRITTAIN ELECTRIC, L.L.C.,
AND AMERICAN STATES INSURANCE
COMPANY D/B/A SAFECO
INSURANCE
```

## ORDER AND REASONS

Before the Court is defendants' motion in limine to exclude any evidence of plaintiff's lost earnings capacity. Also before the Court is plaintiff's motion to strike defendants' motion in limine on lost earnings capacity. For the following reasons, the Court GRANTS defendants' motion and DENIES plaintiff's motion.

### I.   BACKGROUND

This case arises out of an automobile accident. Plaintiff Robert Zambrowski contends that defendant Michael Hagan rear-

ended him. Zambrowski alleges that he suffered neck and back injuries as a result of the accident. In his complaint, he seeks damages for "[p]hysical pain and suffering, mental anguish and distress; and [m]edical expenses." *See* Pl.'s Cmplt. ¶ 4, R. Doc. 1 at 3. Zambrowski does not list lost earnings of any kind, whether past or future, among these damages. Nor does the pretrial order list lost earnings capacity as an element of damages or as an issue of fact to be litigated at trial.

Defendants now move to exclude any evidence of lost earnings capacity. They point out that plaintiff did not plead any lost earnings or earnings capacity in his complaint. They also requested documents to support any wage claims. The only mention of lost earnings capacity in the record before the Court is plaintiff's response to interrogatories that a "loss of earning capacity claim is being made" and an attached "employment sheet" that lists a variety of construction-related jobs that Zambrowski has held between 1984 and 2002. *See* R. Docs. 38-6 at 4; 38-7. Zambrowski's documented employment history ends in 2002, and there is no indication that he has been employed since then. The accident at issue occurred several years later in 2006. No claim or issue concerning lost earnings capacity appears in the pretrial order. In response to defendants' motion, Zambrowski moved to strike it, arguing that it concerns the admissibility of

expert testimony and is therefore untimely.

## II.  DISCUSSION

The pretrial order governs the issues to be litigated at trial. Plaintiff raised no issue about any loss of earnings capacity in the pretrial order. The parties are required to list uncontested and contested issues of fact and law, and the plaintiff is required to list special damages with particularity. *See* Pretrial Notice, R. Doc. 114-2 at 5. None of the statements of uncontested or contested facts contains a wage claim of any kind, past or future, or a claim of lost earnings capacity. Accordingly, any evidence of plaintiff's lost earnings capacity is excluded.

In addition, plaintiff's motion to strike as untimely is misplaced. Defendants' motion concerning lost earnings capacity does not challenge the reliability of any expert testimony under *Daubert v. Merrel Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The deadline in the scheduling order applies to *Daubert* motions. Accordingly, plaintiff's motion to strike is denied.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion in limine to exclude evidence of lost earnings capacity

and DENIES plaintiff's motion to strike.

New Orleans, Louisiana, this 12th day of October 2007

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE