```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

THOMAS CORBIN AND                             CIVIL ACTION
ROBERT ZAMBROWSKI


VERSUS                                        NO: 06-11447


MICHAEL HAGAN, STACEY                         SECTION: R(4)
BRITTAIN D/B/A STACEY
BRITTAIN ELECTRIC, L.L.C.,
AND AMERICAN STATES INSURANCE
COMPANY D/B/A SAFECO
INSURANCE
```

## ORDER AND REASONS

Before the Court are defendants' motions in limine to exclude certain evidence. For the following reasons, the Court GRANTS in part and DENIES in part defendants' motions.

### I.   BACKGROUND

This case arises out of an automobile accident. Plaintiff Robert Zambrowski was riding as a passenger in a truck driven by Thomas Corbin on Interstate 10 in Slidell, Louisiana. He alleges that defendant Michael Hagan rear-ended Corbin's truck after

traffic came to halt. Hagan was driving a Brittain Electric work truck during the course of his employment at the time of the accident. Plaintiff further contends that within seconds of the initial collision, a third driver, Rachel Cassett, rear-ended Hagan's truck, causing Hagan's truck to collide with the vehicle in which plaintiff was riding a second time. Plaintiff alleges that he suffered neck and back injuries as a result of these accidents.

Plaintiff has brought state law negligence claims against Hagan, his employer, and their insurer. Corbin was also initially a named plaintiff in this suit, but he settled his claims. Plaintiff has also filed suit against Cassett in Mississippi state court.

## II.  DISCUSSION

Defendants have submitted four motions in limine. First, they move to exclude evidence of the liability limits of Hagan's and Brittain Electric's insurance policy. Plaintiff does not oppose this motion. Under Rule 411 of the Federal Rules of Evidence, "evidence that a person was or was not insured against liability is not admissible upon the issue of whether the person acted negligently or otherwise wrongfully." This exclusion encompasses policy limits, as they are necessarily an indication

of insurance. Accordingly, the Court excludes any evidence of defendants' insurance policy.

Second, defendants move to exclude any evidence that Cassett was uninsured. Defendants plan to argue that Cassett is comparatively at fault for Zambrowski's injuries and that she should be held liable for 50 percent of any damages that plaintiff proves. Defendants argue that the only motivation for mentioning Cassett's insurance or lack thereof would be to gain sympathy from the jury to defendants' prejudice. Plaintiff does not oppose this motion, and he assures the Court in his response that he will not introduce any evidence of Cassett's insurance status.

Plaintiff also submits that the Court should exclude, in its entirety, the complaint that he filed against Cassett in Mississippi state court because it includes an uninsured motorist claim, which states Cassett is without insurance. As explained, *supra*, under Rule 411 evidence of insurance is not admissible for purposes of establishing negligence. Accordingly, any evidence of Cassett's insurance status is excluded. Specifically, reference to plaintiff's uninsured motorist claim is excluded. It is not appropriate, however, to exclude the Mississippi state court complaint in its entirety. To the extent that plaintiff claimed in the Mississippi case that Cassett was solely at fault for

causing the accident that he now attributes to Hagan, these allegations are relevant and admissible.

Third, defendants move to exclude any evidence of Corbin's settlement. Plaintiff does not object to this motion either. Evidence of compromise of a claim is inadmissible for purposes of establishing liability. Fed. R. Ev. 408. Accordingly, the Court excludes evidence of Corbin's settlement.

Defendants' fourth and final motion in limine concerns evidence of Corbin's injuries. They seek to exclude evidence of any injuries Corbin purportedly sustained in the accident. Defendants argue that such evidence is irrelevant to Zambrowski's claims. Under Federal Rule of Evidence 401, evidence is relevant if it has the tendency to "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Among the contested issues of fact in this case are the extent of plaintiff's injuries and whether the accident caused them. Defendants plan to introduce expert evidence that plaintiff did not sustain any injuries as a result of the accident and that his back and neck pain are the result of chronic degenerative conditions. Corbin was the other passenger in the vehicle with plaintiff. Whether he sustained any injuries as a result of the accident is relevant to determining the severity of the collision

and whether it could have caused plaintiff's alleged injuries. Accordingly, the Court denies defendants' motion on this issue. Evidence of Corbin's injuries is admissible.

**III. CONCLUSION**

For the foregoing reasons, the Court GRANTS in part and DENIES in part defendants' motion in limine.

New Orleans, Louisiana, this <u>19th</u> day of October, 2007

_____*Sarah Vance*_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE